In re John C. SHELHORSE IV, Respondent.

No. SC 85977.

Supreme Court of Missouri, En Banc.

Oct. 26, 2004.

Sharon K. Weedin, Office of Chief Disciplinary Counsel, Jefferson City, MO, for Informant.

John C. Shelhorse, IV, St. Louis, MO, for Respondent.

RICHARD B. TEITELMAN, Judge.

## FACTS

Attorney John C. Shelhorse IV, has been licensed to practice law in Missouri since 1995. He has no prior disciplinary history.

In 2002, disciplinary authorities sent Shelhorse eight letters inquiring about his failure to comply with the continuing legal education reporting requirements of Supreme Court Rule 15. In June 2003, the Office of Chief Disciplinary Counsel filed

an information alleging that Shelhorse had failed to comply with Rule 15 for the reporting years of 1998–1999, 1999–2000, 2000–2001 and 2001–2002. The information also alleged that Shelhorse had failed to respond to four requests for information from disciplinary authorities. Shelhorse admitted the allegations in his answer.

In March 2004, the disciplinary hearing panel recommended that Shelhorse be publicly reprimanded and ordered him to enter into a mentor relationship with a member of the Bar to ensure his compliance with continuing legal education requirements. The office of chief disciplinary counsel did not concur with this recommendation and filed the record with this Court pursuant to Rule 5.19(d).

## ANALYSIS

■ The disciplinary hearing panel's findings of fact, conclusions of law, and recommendations are advisory. *In re Snyder*, 35 S.W.3d 380, 382 (Mo. banc 2000). This Court reviews the evidence de novo, independently determining all issues pertaining to credibility of witnesses and the weight of the evidence, and draws its own conclusions of law. *Id.* Professional misconduct must be proven by a preponderance of the evidence before discipline will be imposed. *Id.*

■ As a condition of retaining his or her privilege of practicing law in Missouri, an attorney must comply with rules of professional conduct. Shelhorse has admitted to professional misconduct by not complying with continuing legal education requirements and by failing to respond to inquiries by disciplinary authorities.[1] Shelhorse's failure to respond to disciplinary authorities is, as he now acknowledges, inexcusable. However, given that Shelhorse has no prior disciplinary history and

his conduct was not shown to have directly harmed a client or the public, a public reprimand is an appropriate punishment. Any subsequent failure to comply with continuing legal education requirements or to respond to inquiries by disciplinary authorities will result in a more severe sanction.

A public reprimand is ordered.

WHITE, C.J., STITH and LIMBAUGH, JJ., concur.

BLACKMAR, Sr.J., concurs in part and dissents in part in separate opinion filed.

WOLFF and PRICE, JJ., concur in opinion of BLACKMAR, Sr.J.

CHARLES B. BLACKMAR, Senior Judge, concurring in part and dissenting in part.

The respondent admits that he repeatedly violated our Rule 4–5.5(c) by failing to complete CLE courses and to file annual reports of compliance. He also admits violation of Rule 4–8.1(b) by failing to respond to requests for information from disciplinary authorities. I agree that disciplinary action is appropriate.

I would opt, however, for a more severe sanction. The Chief Disciplinary Counsel reports that literally hundreds of lawyers are delinquent in their attendance at CLE programs, in their reporting, and in payment of annual enrollment fees. Many lawyers do not regard these violations as serious, or are led to believe that there will be no substantial discipline for violations. Some lawyers, furthermore, are disposed to ignore communications from the disciplinary authorities regarding complaints by clients or members of the public.

The Continuing Legal Education programs are very important in assuring the

---

1. Shelhorse's conduct violated Rules 4–5.5(c) and 4–8.1(b) and Rule 15.

public that lawyers are keeping informed on the constant changes in the law. The Missouri Bar provides rich offerings, in which any lawyer can find programs suitable for his or her practice. Time spent by the disciplinary authorities in policing noncompliance could be better spent.

Failure to respond to correspondence from the Chief Disciplinary Counsel about complaints is an even more serious offense. Many members of the public do not have a high opinion of our profession, and there is widespread belief that it is futile to complain to the authorities because "nobody will do anything about it." A lawyer should regard a letter from the Chief Disciplinary Counsel with the respect accorded communications from the Internal Revenue Service.

The Chief Disciplinary Counsel recommends a suspension with leave to apply for reinstatement after six months. The respondent, however, has made efforts to "clean up his act," and has resolved the complaints from clients without the need for further official action. Interruption of his practice at this stage would harm not only the respondent and his family, but also his clients and the courts. So I would maintain the suspension, but would stay enforcement until further order of the Court.

I am sure that there are quite a few lawyers who are guilty of rule violations no less flagrant than those of the respondent. It is time to send a message to them, and a stayed suspension reported in the advance sheets would send a message.

In what I say here I have no intention of criticizing the work of the Chief Disciplinary Counsel or her staff. They are doing a good job. Time spent on violations similar to respondent's can be had only at the expense of investigations of matters directly harmful to the public.

The Court should order a stayed suspension.